John E. Daniels v. Commissioner.
Daniels v. Commissioner
Docket No. 21441.
United States Tax Court
1951 Tax Ct. Memo LEXIS 326; 10 T.C.M. (CCH) 147; T.C.M. (RIA) 51044; February 13, 1951
*326 James B. Marcus, Esq., for the petitioner. Leo C. Duersten, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioner's gift tax liability for the calendar year 1946 in the amount of $955.37. The only issue is whether three transfers to petitioner's grandchildren were gifts of future interests, with the result that petitioner would not be entitled to the $3,000 exclusion for each of those gifts under Section 1003 (b) (3) of the Internal Revenue Code. Findings of Fact Petitioner, an individual residing in Massachusetts, filed a gift tax return on March 15, 1947, for the calendar year 1946 with the collector of internal revenue for the district of Massachusetts. On January 2, 1946, petitioner owned 793 shares of the 2,200 shares of capital stock of the John E. Daniels Leather Company, and during the calendar year 1946 was president and treasurer of the corporation. The remaining shares were held by members of his family. On January 2, 1946, with the intention of making seven gifts of 35 shares each to a son and daughter-in-law (Benjamin D. and Bernice G. Daniels), their three *327 children (Barry T., Bruce G., and Brianne D. Daniels), and a daughter and son-in-law (Frances D. and Harold L. Silverman), petitioner executed the following endorsement on his certificate, numbered 31, representing his 793 shares of stock: "For Value Received, I hereby sell, assign and transfer unto Benjamin D. Daniels, Bernice G. Daniels, Barry T. Daniels, Bruce G. Daniels, Brianne D. Daniels, Harold L. Silverman, and Frances D. Silverman to each Thirty-Five (35) Shares of the Capital Stock represented by the within Certificate and do hereby irrevocably constitute and appoint Benjamin D. Daniels Attorney to transfer the said Stock on the books of the within named Corporation with full power of substitution in the premises. "Dated January 2, 1946 "In presence of "(Signed) John E. Daniels" On the same day, certificates numbered 37, 38, and 39, each representing 35 shares of stock in the corporation, were issued in the names of Barry T. Daniels, Bruce G. Daniels, and Brianne D. Daniels, respectively, who were then seven, four and two years of age. The gift tax return for 1946, which was filed on March 15, 1947, was executed by petitioner on January 29, 1947. It had been prepared *328 by Harry Kessler, an accountant who had served petitioner for approximately 28 years and upon whom petitioner placed considerable reliance. Schedule A of the gift tax return contains, in part, the following description of gifts: Date of
Value at Date
Gift
of Gift
To: Benjamin deS Daniels, 79 Princeton Rd., Chestnut Hill, Mass.
Trustee for Brianne deS. Daniels 76 Princeton Rd., Chest-
nut Hill
1-2-46
4,777.50
Trustee for Barry T. Daniels, 76 Princeton Rd., Chest-
nut Hill
1-2-46
4,777.50
Trustee for Bruce G. Daniels, 76 Princeton Rd., Chest-
nut Hill
1-2-46
4,777.50
On February 3, 1947, Benjamin D. Daniels executed, as trustee on behalf of Barry T., Bruce G., and Brianne D. Daniels, respectively, information returns of gifts for 1946, each with respect to 35 shares of stock in the John E. Daniels Leather Company received from petitioner on January 2, 1946. These returns were filed with the collector of internal revenue for the district of Massachusetts on March 15, 1947. On January 2, 1946, Benjamin D. Daniels executed a document which provides as follows: "I, Benjamin DeS. Daniels, of Newton, County of Middlesex, Commonwealth of Massachusetts, *329 acknowledge and declare that I have this day received and hold 105 shares of the common stock of the John E. Daniels Leather Company, a Massachusetts corporation, which were delivered to me by John E. Daniels in trust, for my children, Barry T. Daniels, Bruce G. Daniels, and Brianne D. Daniels, which I hold under the following terms, conditions, and purposes: 1.) Each of the said beneficiaries is to receive the benefit of income of 35 shares, above-referred to and all other shares of stock, monies, or other property, real, personal, or mixed, which I shall acquire on and after this date on behalf of or for the benefit of the said beneficiaries, which shall be included in this trust. 2.) I, as trustee, or my successor in the said capacity, shall receive all property or income for the respective shares of the said beneficiaries for the account of each. 3.) I, or my successor, and to hold, manage, control, sell, exchange, assign, transfer, or hypothecate, mortgage, or pledge any of the trust funds or property, without license from any court. 4.) No purchaser or other person doing business with me or my successor as trustee, is to be answerable for the application of the purchase *330 price or proceeds of any transaction. 5.) As each of the said beneficiaries attains the age of 21 years, I or my successor, shall terminate the trust insofar as it applies to the said beneficiary, who shall receive either his share of any trust funds or property or the proceeds thereof. This trust, however, is to continue as to the other beneficiaries until they in turn reach the age of 21 years. "In witness whereof, I have here unto set my hand and seal, this second day of January, 1946. /s/ Benj. deS. Daniels "Then personally appeared the abovenamed Benjamin DeS. Daniels, and acknowledged that he subscribed the foregoing instrument as his free act and deed. "Before me, /s/ Donald Stahl Notary Public "I hereby certify that the foregoing is a true copy of the original. /s/ Donald Stahl Notary Public" The petitioner had no intention of creating any trusts with respect to the gifts to his three grandchildren named in the foregoing document; he intended to make present, outright gifts to them. During the calendar year 1947 dividends were paid on the stock held in the names of the grandchildren; the dividend checks, in the amount of $1,400 each, were made payable to the *331 grandchildren, and the following endorsement appearing on the check to Barry T. Daniels is typical of the endorsements appearing on the other two checks: "for deposit only Barry T. Daniels Bernice G. Daniels (Natural Guardian)" Similarly, dividend checks in the amount of $700 each were made payable to the three grandchildren during 1948, and the following endorsement is typical: "Brianne Daniels by (Minor) Bernice G. Daniels (Mother) Trustee" The dividend distributions were deposited in accounts of the respective grandchildren and no withdrawals were made against the deposits. Although the corporation declared and paid a dividend of $10 a share in 1946, no payment of dividends was made to the grandchildren in connection with that declaration. The stock represented by the gifts to the grandchildren was not voted. Benjamin D. Daniels signed the trust instrument, quoted above, on the advice of a Mr. Tushins, a lawyer for the corporation, who told him that it was necessary or desirable since the stock was being issued to minors. No such shares as are described in the trust instrument were ever issued to him as trustee, or otherwise, and he never received or deposited any dividends *332 on such shares of stock. On July 20, 1948, petitioner acknowledged receipt of a letter from the Commissioner of Internal Revenue dated July 9, 1948, covering the calendar year 1946, advising of a deficiency in petitioner's gift tax liability. Petitioner signed the document entitled "Form of Acknowledgment", in which the following paragraph was inserted: "Your department has misconstrued schedule A, of the return dated January 29, 1947, items 5, 6, and 7 were outright gifts made to minor grand-children naming Donor's son Benjamin DeS. Daniels as trustee for the children under the agreement attached hereto." Respondent's deficiency notice contained the following explanation: "Four exclusions of $3,000.00 each are allowed in connection with the direct gifts. However, no exclusions are allowed with respect to the gifts in trust since it does not appear that the beneficiaries receive the immediate right to the unrestricted use, possession or enjoyment of the trust income or corpus and, therefore, the gifts are considered to be of future interests against which no exclusions are allowable." Petitioner's transfers to his three grand-children were outright and immediate gifts; they *333 were not gifts of future interest in property. Opinion RAUM, Judge: An essential ingredient in respondent's argument that the transfers to the three grandchildren were gifts of future interests is the contention that petitioner made the transfers in trust for the donees. If it should be determined that petitioner made outright gifts to the grandchildren, then respondent's position cannot be sustained. [1] Although there is evidence from which conflicting inferences may be drawn, we think that petitioner has carried his burden of proof and we have found that he made outright gifts to the donees. To be sure, his gift tax return refers to these gifts as having been made to his son Benjamin as trustee *334 for the three grand-children, and an instrument was executed by Benjamin on the date of the gifts in which he acknowledged that he had received the stock in trust for the three donees. Although we should be slow to reach a conclusion at variance with recitals appearing in such formal documents, nevertheless we are satisfied by persuasive evidence in this record that the true facts are not in accord with those recitals Petitioner testified that he had no intention of creating any trusts, that he did not make any transfers in trust, that he intended to and did make outright gifts to the three grandchildren. His testimony is supported by the fact that in endorsing his certificate so that new certificates might be issued to the donees, all of the latter were identified as transferees, no mention being made of any trustee; by the fact that the new certificates were actually issued in the individual names of the donees; by the fact that the purported trustee never acquired the shares of stock involved or the right to hold them, and therefore had no res to administer; by the fact that dividend checks were made payable directly to the donees, and endorsed on their behalf by their mother; *335 and by the fact that such dividend checks were deposited, not in any trust account, but in the accounts of the donees themselves. We think that no trust was in fact created. Of course, we should view with suspicion an attempt to disavow facts set forth in a solemn instrument, but we are persuaded by credible testimony in the record in this case that the instruments in question, the returns and the purported trust indenture, were executed upon advice of an accountant or lawyer without genuine understanding of their import in this connection, and that petitioner neither intended to nor did in fact make any transfer in trust. Cf. Prudence Miller Trust, 7 T.C. 1245; Edward H. Heller, 41 B.T.A. 1020. We must conclude therefore that no future interests are here involved and that petitioner is entitled to the statutory exclusion for each of the gifts. Decision will be entered for the petitioner. Footnotes
1. We reject as untenable the suggestion advanced, but not developed, by respondent that even if there were no trusts, the fact of minority and consequent legal disability of the donees resulted in the postponement of enjoyment which characterizes future interests. If that view were carried to its logical conclusion, all gifts to minors would be subject to the same contention. Yet, it is clear that a minor, through his guardian, may obtain immediate enjoyment of an outright gift.↩